## SETH R. STRONG *v.* WILLIAM HINES.

1. FRAUD: EVIDENCE OF, COLLATERAL FACTS ADMISSIBLE IN QUESTIONS OF.—In questions of fraudulent intent, it is frequently necessary to consider collateral matters, not directly involved in the issue, but which tend to throw light upon the acts of the parties; and the connection in business and relationship between the parties, also become important; and hence, upon the trial of an issue involving the question of fraud in a conveyance of property, it is competent for the party alleging the fraud, to show that the grantor and grantee were partners in the property conveyed.
2. SAME: PARTNERSHIP: TRIAL OF THE RIGHT OF PROPERTY.—Each partner's private and individual property is liable for the partnership debts, and a conveyance, by one or more partners, of all the partnership assets, to another partner, will not, therefore, deprive the creditors of the partnership of their right to resort to them, in a proper proceeding, for the collection of their debts; but, where a creditor has sued, and recovered judgment against two, alleging that they composed the firm, he cannot, in that proceeding, collect his judgment of a third person, not sued as a partner, nor subject to the payment of his judgment, the partnership assets, which had been, before its rendition, *bona fide* conveyed to another, by showing upon the trial of the right to such property under the statute, that the claimant was a partner, and liable for the debt due him.

ERROR to the Circuit Court of Warren county. Hon. J. S. Yerger, judge.

*Brooke* and *Smedes*, and *R. Barnett*, for plaintiff in error.

*Miller* and *Marshall*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was a trial of the right of property, under the statute.

The defendant in error sued James Chisum and Charles W. Strong, as partners, under the name and style of James Chisum & Co., and recovered judgment against them in the action, on the 6th of June, 1856. Execution was issued on the judgment against them, as partners of the firm of James Chisum & Co., and levied upon a quantity of timber logs; and, thereupon, the plaintiff in

error made claim to the property, and filed his affidavit, and gave bond, as is authorized by the statute, in order to try the title. At the return term of the execution, the plaintiff therein filed the issue tendered by him, alleging that the timber logs were, at the time of the levy of the execution, the property of James Chisum and Charles W. Strong, and were then subject to the execution. Upon this the plaintiff in error joined issue.

Upon the trial of this issue, and after the introduction of evidence, on the part of the plaintiff, showing that the timber logs in controversy had been the property of James Chisum & Co., the claimant offered in evidence a bill of sale for the property, executed to him by James Chisum and Charles W. Strong, before the date of the judgment in favor of the plaintiff, and introduced evidence, tending to show that the firm of James Chisum & Co. was indebted to Henry Strong, in his lifetime, in the sum of about $4000, and that the bill of sale, above mentioned, was executed to the claimant, his executor, in payment of the sum of about $2500, part of that indebtedness. The plaintiff thereupon offered evidence to show that Henry Strong, in his lifetime, was a partner of the firm of James Chisum & Co., which was objected to by the claimant as irrelevant to the issue; but the court overruled the objection, and admitted the evidence, and the claimant excepted. The verdict being for the plaintiff, the claimant moved for a new trial, upon various grounds, and the motion being overruled, he excepted, and brings the case here by writ of error.

The first ground of error insisted upon, is the admission of the evidence offered by the plaintiff in execution, to show that Henry Strong was a partner of the firm of James Chisum & Co. The objection to this evidence is, that it was irrelevant to the issue, which was whether the timber logs in controversy, were the property of James Chisum and Charles W. Strong, and subject to the execution.

It is true that the evidence offered was not directly pertinent to the issue as presented. But evidence was offered by the plaintiff to show that the conveyance, by Chisum and Charles W. Strong, to the claimant, was fraudulent as to their creditors, and void. This appears to have been the main object of the plaintiff, and it was so considered by the claimant, and was resisted by evidence, on his part, directed to that point. In order to determine that point

justly, it was proper to take into consideration the circumstances under which the conveyance was made, the consideration for it, and the relations which the parties bore towards each other. In questions of fraudulent intent, it is frequently necessary to consider many collateral matters which tend to throw light upon the acts of the parties in the transaction ; and the connection of business or relationship between the parties, frequently becomes important to show the object for which particular acts were done, and to show a collusive and fraudulent intent. Thus it was a matter proper to be considered by the jury, in determining the question of fraud, whether the indebtedness, alleged to exist from the firm of James Chisum & Co. to Henry Strong, was a *bona fide* indebtedness, and the true consideration for the conveyance ; and, as connected with that inquiry, to consider whether he was a member of the firm, and if such really was the case, to consider the probability, under all the circumstances, of his being a creditor of the firm. In this point of view,—without expressing any opinion as to whether if he was a member of the firm, that fact would or would not be sufficient, with the other circumstances shown, to establish the alleged fraud,—we think the evidence was properly admitted.

The next objection, applies to the action of the court upon the instructions asked in behalf of the claimant.

The claimant asked the following instruction : "If the jury believe, from the evidence, that James Chisum and Charles Strong sold and conveyed the timber levied on, to the claimant, on the 21st day of May, 1856, and that such sale was *bona fide*, and for a valuable consideration, then they ought to find for the claimant." The court refused this, as asked, but granted it with this modification, "provided they are satisfied, from the proof, that Henry Strong, in his lifetime, was not a partner of J. Chisum & Co., and had no interest in the property conveyed to defendant as his executor."

It appears by the evidence, that the conveyance referred to was prior to the date of the judgment of the plaintiff in execution. The issue on trial was, whether the timber was the property of James Chisum and Charles W. Strong, the sole defendants in the execution. If they had conveyed it *bona fide*, and for a valuable consideration, before the date of the judgment against them, unquestionably the issue should have been found for the claimant; and,

the court should so have instructed the jury. But it is insisted, that if Henry Strong was a member of the firm against which the judgment was rendered, and though the firm was indebted to him, yet his copartners had no right to convey all the assets of the firm to him, in payment of his debt, and leave the debts of others against the firm unpaid. That may be true; and in a proper proceeding, the property might be subject to the debts of the firm. Certainly, if he was a partner, he would be liable for the debts when properly proceeded against, and the property in his hands would thereby be subjected. But in this case, he was not sued as a partner; it is not even alleged in the action upon which the judgment was founded, that Chisum and Charles W. Strong were sued as surviving partners of Henry Strong, and the execution did not run against any interest of Henry Strong, nor did the issue attempt to charge any interest of his in the property. If the property was *bona fide* conveyed to him, it could not be subjected to the payment of a judgment against others not sued as his copartners, upon a mere suggestion after judgment, and in an effort to enforce the judgment by levy upon his property, that he was a copartner of the defendants against whom the judgment was rendered; for that would be to bind him as a copartner without notice or suit, and without any regular proceeding against him as such. Nor was it competent for the plaintiff, in an effort to enforce a judgment against Chisum and Charles W. Strong, whom he had sued as the only partners composing the firm, to allege that Henry Strong was a partner, and subject his property to the judgment, especially upon an issue made up, whether the property belonged to the defendants in the execution or to him. For that would be going beyond the issue, and virtually enforcing a judgment against one not a party to it, but on the ground that he was bound by it.

Hence, the court erred in the modification made to this instruction, and the instruction as asked in behalf of the claimant should have been given. For the same reason, the proviso added by the court to claimant's sixth instruction was erroneous, and the fourth instruction should have been wholly refused. The first instruction given in behalf of the plaintiff was also erroneous, so far as it declared that the sale of the property made to the claimant was invalid.

The judgment is, therefore, reversed, and the cause remanded for a new trial.